IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MOHAMMED SANDA EDOSOMWAN, | ) | Crim. No. 15-00244 HG-01 |
| | ) | Civ. No. 16-00047 HG-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DISMISSING PETITIONER MOHAMMED SANDA EDOSOMWAN'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 (ECF No. 26)**

Petitioner Mohammed Sanda Edosomwan is a prisoner incarcerated at the Taft Correction Institution in Taft, California.  Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The Section 2241 Petition challenges the calculation and execution of his sentence.  Petitioner Edosomwan filed his Petition (ECF No. 26) in his criminal case, Cr. No. 15-00244HG-01.  The Petition has been filed as a civil case, Civ. No. 16-00047 HG-KSC, given that it is a writ of habeas corpus.

Petitioner's Mohammed Sanda Edosomwan's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED**

1

**WITHOUT PREJUDICE.**

## PROCEDURAL HISTORY

On March 23, 2015, the Government filed a Criminal Complaint alleging that Petitioner Mohammed Sanda Edosomwan was an alien who was ordered removed from the United States and was thereafter found in the United States without having obtained proper admission in violation of 8 U.S.C. § 1326(a). (ECF No. 1).

On the same date, Petitioner Edosomwan appeared before a Magistrate Judge. (ECF No. 4).

On April 1, 2015, the Magistrate Judge issued a DETENTION ORDER PENDING TRIAL. (ECF No. 5).

On April 8, 2015, the grand jury returned an Indictment. Petitioner Edosomwan was charged with one count of being an alien who had been removed from the United States subsequent to being convicted of an aggravated felony and was later found in the United States without first having obtained proper admission in violation of 8 U.S.C. §§ 1326(a), (b)(2). (ECF No. 7).

On May 19, 2015, Petitioner Edosomwan pled guilty to the one count of the Indictment. (ECF No. 13).

On June 22, 2015, the Court accepted the plea of guilty and adjudged Petitioner Edosomwan guilty.  (ECF No. 17).

On September 3, 2015, Petitioner was sentenced to 15 months imprisonment.  (ECF No. 23).

On February 3, 2016, Petitioner filed a PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241.  (ECF No. 26).

On February 17, 2016, the Government filed a MEMORANDUM IN OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241.  (ECF No. 28).

The matter is being decided without a hearing pursuant to District of Hawaii Local Rule 7.2(d).

## ANALYSIS

### I. Petitioner's Writ of Habeas Corpus Was Filed Pursuant to 28 U.S.C. § 2241

Petitioner Edosomwan challenges "the manner, location, or conditions" of the execution of his sentence in his Petition. (ECF No. 26).  A federal prisoner seeking to challenge the manner, location, or conditions of an execution of a sentence must file a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which he is incarcerated.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

Petitioner is claiming that the Bureau of Prisons "has miscalculated his sentence and therefore failed to properly

award him jail time credit." (Petition at pp. 1-2, ECF No. 26). Petitioner claims that he was arrested on February 11, 2015, and detained prior to the Government's filing of the Criminal Complaint on March 23, 2015. (Petition at p. 2, ECF No. 26). Plaintiff asserts that he is entitled to credit for time served in custody from February 11, 2015 to March 23, 2015. (Motion at pp. 3-5, ECF No. 26).

Petitioner Edosomwan moves his Petition pursuant to 28 U.S.C. § 2241. The Court finds 28 U.S.C. § 2241 is the appropriate vehicle for review of Petitioner's concerns. United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Daniels v. United States, Cr. No. 08-00104HG-03, Civ. No. 15-00168 HG-BMK, 2015 WL 2227695, *1-*2 (D. Haw. May 12, 2015).

## II. The Court Lacks Jurisdiction to Consider Petitioner Edosomwan's § 2241 Petition

District courts may grant habeas relief pursuant to Section 2241 only "within their respective jurisdictions." 28 U.S.C. § 2241(a). The United States Supreme Court has clarified the limiting statutory language in Section 2241 habeas cases involving present physical confinement, finding jurisdiction lies in only the district of confinement. Rumsfiled v. Padilla, 542 U.S. 426, 443 (2004); Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989).

The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973).  A petitioner filing a 2241 petition for writ of habeas corpus must file the petition in the judicial district of the petitioner's custodian.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition.  Rumsfeld, 542 U.S. at 446-47.  A failure to name and serve the custodian deprives the court of personal jurisdiction.  Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

This Court lacks jurisdiction to consider Petitioner Edosomwan's Section 2241 Petition because he is not incarcerated in the District of Hawaii.  Petitioner is incarcerated at the Taft Correctional Institution in Taft, California, which is located within the United States District Court for the Eastern District of California.

Petitioner Edosomwan's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 28) is **DISMISSED WITHOUT PREJUDICE** to refiling in the United States District Court for the Eastern District of California.

Petitioner is notified that the proper respondent of a Section 2241 petition is the custodian of the institution where the federal prisoner is incarcerated.  28 U.S.C. § 2242; Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).  Should Petitioner choose to file a Section 2241 petition in the Eastern District of California, the proper respondent is the warden of Taft Correctional Institution.

### III.     Position of the United States

The filings from the United States indicate a belief that while this Court lacks jurisdiction, in any event, Petitioner Edosomwan is not entitled to jail time credit between February 11, 2015 and March 23, 2015.  Attached to the Memorandum in Opposition, the Assistant United States Attorney submitted a Declaration from Glenn White, a Special Agent with the United States Department of Homeland Security.  (Declaration of Special Agent Glenn White, Immigration and Customs Enforcement, Homeland Security Investigations Unit, dated 2/12/16, attached to Gov't. Memo. in Opp., ECF No. 28-1).

Special Agent White represents that on February 11, 2015, Petitioner Edosomwan was placed in administrative custody with Immigration and Customs Enforcement for being unlawfully present in the United States.  (Id. at ¶ 3).  Special Agent

White asserts Petitioner Edosomwan remained in administrative custody until March 23, 2015, when he was criminally arrested. (Id. at ¶ 18-19).  The representations in the Declaration, if true, would appear to negate Petitioner Edosomwan's claim for criminal jail time credit for the period of time between February 11, 2015, and March 23, 2015.

## CONCLUSION

Petitioner Edosomwan's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 26) is **DISMISSED WITHOUT PREJUDICE**.  Petitioner may refile in the proper jurisdiction, the United States District Court for the Eastern District of California, and with the proper respondent, the warden of Taft Correctional Institution.

The Clerk of Court is directed to close the civil case in

//
//
//
//
//
//
//
//

this District.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 26, 2016.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

United States v. Mohammed Sanda Edosomwan, Crim. No. 15-00244 HG-01; Civ. No. 16-00047 HG-KSC; **ORDER DISMISSING PETITIONER MOHAMMED SANDA EDOSOMWAN'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 (ECF No. 26)**